530 P.2d 1105

The STATE of Arizona, Appellee,

v.

Glendell Ray JOLLIFF and Christopher N. Smart, Appellants.

No. 3010.

Supreme Court of Arizona,
In Banc.
Jan. 30, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Samuel L. Costanzo, Phoenix, for appellants.

CAMERON, Chief Justice.

Glendell Jolliff and Christopher Smart were found guilty of the crime of unlawful possession of marijuana for sale in violation of A.R.S. § 36–1002.06. They were sentenced to two years on probation. From that judgment both men appeal.

We must answer only one question on appeal and that is whether the search which resulted in the finding of the marijuana was reasonable.

The facts necessary for a determination of this case are as follows. Early in the morning of 27 January 1974, on State Highway 85 north of Ajo, Arizona, Deputy Sheriff Landsky observed an Oldsmobile towing a boat which was exceeding the posted speed limit by more than 5 m.p.h. and swerving across the center line. Landsky pulled the Oldsmobile over. The driver of the car, Glendell Jolliff, disembarked and walked back to the patrol car whereupon Landsky informed Jolliff that he was exceeding the speed limit. Jolliff did not have a driver's license on his person and told the officer he had lost his

wallet. When asked for the registration of the car and the boat, Jolliff stated that the car and boat were not his and he would look in the car. As Jolliff and the officer walked from the patrol car to the Oldsmobile to get the vehicle registration, Landsky observed that the tarpaulin did not completely cover the boat. Beneath the tarpaulin a man lay on the bottom of the boat. Landsky inquired "How's it going" to the man in the boat who replied "O.K." It is noted that the stop occurred at about 8:30 a. m. on the 27th of January. The officer testified that the person in the boat, Smart, appeared to be shaking from the cold. Jolliff was unable to locate any registration or other documents of ownership for the car or boat. Jolliff told the deputy that he was driving to Phoenix from Tucson. Ajo, near where the car and boat were stopped, was 100 miles to the west of the Tucson to Phoenix highway.

Landsky asked for police assistance and when police assistance arrived, Landsky searched Jolliff and Smart for weapons and found none. Neither responded when asked if there was anyone else in the car or beneath the boat tarpaulin. The car was empty so Landsky climbed aboard the boat to look for others, pulled back the covering and discovered some large bags. One bag was partly open and the officer saw brick-shaped objects wrapped up like Christmas presents. He opened one and recognized the contents to be marijuana. It was later determined that there were 400 pounds of marijuana in the boat.

At the omnibus hearing, the defendants moved to suppress the marijuana as the fruits of an unreasonable search and seizure. The motion was denied and Jolliff and Smart waived their right to a jury trial and submitted the matter for decision by the court based on the preliminary hearing transcript, arresting officer's report, and lab analysis of the bags found in the boat. The court found both defendants guilty and they appeal from the judgments of guilt contending that it was error to deny the motion to suppress.

■ There can be no question herein that the initial stop was proper. The vehicle was exceeding the posted speed limit and was weaving across the center line. The stop was reasonable. The question is whether after the stop the officer had reasonable grounds to search the boat. We believe that he did.

■ Probable cause to search is not the same as probable cause to arrest:

"The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." Carroll v. United States, 267 U.S. 132, 158–159, 45 S.Ct. 280, 287, 69 L.Ed. 543, 554 (1925).

While a warrant is preferred, it is recognized that in the case of an automobile they cannot always be obtained:

"* * * for the purposes of the Fourth Amendment there is a constitutional difference between houses and cars." Chambers v. Maroney, 399 U.S. 42, 52, 90 S.Ct. 1975, 1982, 26 L.Ed.2d 419, 429 (1970).

Judge Haynsworth has stated:

"* * * It has long been held that an officer possessing information sufficient to constitute probable cause to search, may stop and search a moving vehicle without being required to obtain a search warrant. This exception to the warrant requirement, emphatically reaffirmed by the Supreme Court only a few months ago, has been justified historically because motor vehicles, which are so easily moved, may readily be hidden or removed from the jurisdiction in which a searching officer has authority before any warrant can be obtained." United States v. Gomori, 437 F.2d 312, 313 (4th Cir. 1971). See also United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1974) for search as an incident to a traffic arrest.

In the instant case the lack of driver's license, the lack of registration, the statement that they were going from Phoenix to Tucson by a route more than 100 miles out of the way, certainly were matters which raised justifiable suspicions in the mind of the officer. But even if these things did not justify the officer in making a search, the presence of the defendant Smart in the partially open boat on a cold January morning certainly provided reasonable cause to search the boat. In this regard, we take judicial notice of Ajo's location near the Mexican border and the fact that Highway 85 is frequently used to smuggle illegal aliens into the United States. We hold that under the facts the search was reasonable.

We find no error in the failure of the trial judge to grant defendant's motion to suppress the marijuana evidence.

Judgments affirmed.

STRUCKMEYER, V. C. J., and LOCKWOOD, HAYS and HOLOHAN, JJ., concur.